Arnold Pedowitz
pedowitz@pedowitzmeister.com
PEDOWITZ & MEISTER, LLP
1501 Broadway, Suite 800
New York, NY 10036
(212) 403-7321 Phone
(212) 354-6614 Fax

JUDGE COTE

11 CIV 7552

*Attorneys for Plaintiff and Proposed Collective Action Members*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Devorah Lunger, on behalf of herself
and all other similarly situated persons,

          Plaintiffs,

    v.

Union of Orthodox Jewish Congregations
Of America (Orthodox Union),

          Defendant.
-----------------------------------------------------------X

**Complaint**

ECF CASE

(Jury Trial Requested)

Plaintiff Devorah Lunger ("Plaintiff" or "Lunger"), by and through her attorneys, brings this action on behalf of herself and all persons similarly situated and alleges, upon her personal knowledge and/or information and belief against Defendant, Union of Orthodox Jewish Congregations Of America a/k/a the Orthodox Union ("Defendant" or "OU"), as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action, on behalf of herself and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as

amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff seeks, for herself and similarly situated employees, declaratory and injunctive relief, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action, individually, to remedy violations of the California Labor Code §§226, 226.7, 510 and 512, and the California Business & Professions Code §17200, *et seq*. Plaintiff seeks declaratory and injunctive relief, unpaid overtime, unpaid meal breaks, unpaid lunch breaks, reasonable attorneys' fees and costs, damages for failure to provide itemized wage statements, restitution for all these violations, and all other appropriate legal and equitable relief.

## PARTIES, JURISDICTION AND VENUE

3. Lunger is a citizen of the State of California.

4. On information and belief, Defendant OU is and at all times material hereto was a duly organized New York not for profit corporation maintaining its principal place of business and offices at 11 Broadway, New York, New York. The OU is an Internal Revenue Service registered 501(c)(3) organization.

5. NCSY, formerly known as the National Conference of Synagogue Youth, is the international youth movement of the OU and is operated, funded and controlled by the OU.

6. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. §203. At all relevant times, Defendant has employed "employee[s]", including Plaintiff and each of the FLSA Collective Plaintiffs.

7. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b). The Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 because those claims are so related to the federal claim that they form part of the same case or controversy.

8. Venue is proper within this District pursuant to 28 U.S.C. §1391, because Defendant maintains its principal place of business in, does business in, and accordingly resides in, this District. Venue is further proper within this District pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## FACTS

9. The mission of the Orthodox Union is to advance, strengthen, and lead the Orthodox Jewish Community, and inspire the greater Jewish community. The OU provides an array of religious, youth, social action, educational, public policy and community development services, programs and activities for the Orthodox Jewish community.

10. NCSY is the international youth movement of the OU. The Orthodox Union founded NCSY in 1954 to provide Jewish teens with an opportunity to build a strong connection to their Jewish roots through inspiration and leadership skills.

11. Defendant employs Lunger and others as advisors to groups of NCSY teens, in Chapter Director or Chapter Advisor positions.

12. Lunger has been employed by Defendant since 2002 in a Chapter Advisor/Chapter Director position.

13. In this job, at relevant times, Plaintiff regularly worked from fifty to seventy hours every week.

14. In addition to her "nine-to-five" duties, which included teaching classes, planning and executing events for the students, meeting with teens on an individual basis, preparing for and hosting holiday meals, and attending meetings with co-workers, there were numerous times that Plaintiff had students at her house on Friday nights and Saturdays, there were meetings

and events on Sundays, students and parents called her at all hours of the day and night, and the job required that she be working virtually (and at times physically) twenty-four hours a day as a chaperone and leader during trips to New York, Israel and on weekend retreats (or *Shabbatonim*).

15. Lunger was not compensated for overtime at a rate of one and one half times her hourly rate of pay for all of the hours she worked in excess of 40 hours a week. Lunger was not compensated for overtime at a rate of one and one half times her hourly rate of pay for all of the hours she worked in excess of 8 hours a day or for work on a seventh consecutive day in one workweek, nor was she compensated for overtime at a rate of double her hourly rate of pay for all of the hours she worked in excess of 12 hours a day or for work over 8 hours on the seventh consecutive day in one workweek.

16. Defendant did not post the required notices setting forth employees' rights under the applicable overtime laws.

17. Upon information and belief, Defendant employs about 200 Chapter Directors and Chapter Advisors across the country, most if not all of whom work similar schedules to Lunger's. After a reasonable opportunity for further investigation and discovery, Plaintiff will likely have evidentiary support of this.

18. Upon information and belief, Defendant does not pay any Chapter Directors and Chapter Advisors overtime at a rate of one and one half times their hourly rate of pay for all of the hours they work in excess of 40 hours a week.

19. Upon information and belief, Defendant does not keep accurate time records of the hours its employees work. In or around November 2010, Lunger and her co-workers were told that the OU wanted them to start using a time recording system. The system only tracks hours worked Monday through Friday, even though Defendant is fully aware that its employees regularly work, and are required to work, on weekends. Prior to this system, no hours were recorded at all.

20. The pay stubs Lunger receives fail to include her hourly rates, the hours she works or the number of hours she works at each rate.

21. Lunger was not given rest breaks or meal breaks during the work day.

22. Upon information and belief, Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendant were not paid overtime premiums. Upon information and belief, Defendant knew that the nonpayment of overtime premiums would economically injure Plaintiff and the FLSA Collective

Plaintiffs, and that it violated the FLSA and with respect to its California employees the California Labor Code.

23. Defendant committed the foregoing acts knowingly, intentionally and willfully against Lunger and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

24. Lunger brings Count I of this Complaint as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), on behalf of herself and all persons who worked for Defendant as a Chapter Advisor, Chapter Director, or in a similar capacity (together, "Chapter Directors") at any time in the past three years. All said persons, including Lunger, are referred to herein as the "FLSA Collective Plaintiffs".

25. At all relevant times, Lunger and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and are and have been subjected to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of Lunger herein are essentially the same as those of the other FLSA Collective Plaintiffs.

26. As a result of Defendant's above-described conduct and FLSA violations, Lunger and the FLSA Collective Plaintiffs were damaged, failed to receive

due and owing overtime wages, and are owed back wages, liquidated damages and equitable relief pursuant to the FLSA.

27. An FLSA collective action will benefit Lunger and other OU employees who are similarly subjected to Defendant's practice of failing to pay overtime. Certifying this action as a collective action under the FLSA will provide other Chapter Directors notice of the action, the opportunity to have their claims for violations of the FLSA heard, and allow them to opt in to such an action if they so choose.

28. Count I is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

29. The facts set forth here satisfy the lenient requirements for maintenance of a collective action under Section 216(b) of the FLSA.

## ALLEGATIONS UNDER CALIFORNIA LAW

30. Lunger brings Counts II, III, IV, V and VI of this Complaint pursuant to California Labor Code §§226, 266.7, 510, 512 and California Business & Professions Code §17200, *et seq*, to recover damages and restitution for

unpaid overtime pay, unpaid meal breaks, unpaid rest breaks and for failure to provide proper itemized wage statements.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

31. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

32. Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

33. At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

34. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Overtime Wages – Ca. Labor Code, Brought by Plaintiff, for herself, individually)**

35. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

36. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked:

   a. in excess of forty (40) hours in one workweek;

   b. in excess of eight (8) hours in one day;

   c. on a seventh consecutive day in one workweek;

   d. in excess of twelve (12) hours in one day;

   e. in excess of eight (8) hours on the seventh consecutive day in one workweek.

37. At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff at a rate of at least one and one half times her hourly rate of pay, pursuant to California law:

   a. for all hours worked in excess of forty (40) hours in one workweek;

   b. for all hours worked in excess of eight (8) hours in one day; and

   c. for all hours worked on a seventh consecutive day in one workweek.

38. At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff at a rate of at least two times her hourly rate of pay, pursuant to California law:

    a. for all hours worked in excess of twelve (12) hours in one day; and

    b. for all hours worked in excess of eight (8) hours on the seventh consecutive day in one workweek.

39. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

40. Plaintiff seeks damages in the amount of her unpaid overtime compensation, interest, costs and attorneys' fees, pursuant to Ca. Labor Code §§510 and 1194.

## THIRD CLAIM FOR RELIEF

**(Failure to Give Meal Breaks – Ca. Labor Code, Brought by Plaintiff, for herself, individually)**

41. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

42. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of five and ten hours in one workday.

43. Defendant willfully, regularly, repeatedly and knowingly failed to provide Plaintiff with the meal breaks required by California law:

    a. In workdays of over five (5) hours, Plaintiff was not given a thirty (30) minute lunch break.

    b. In workdays of over ten (10) hours, Plaintiff was not given a second meal period of at least thirty (30) minutes.

44. Plaintiff seeks damages in the amount of one hour of pay for each workday that a meal break was not provided, pursuant to California Labor Code Sections 226.7 and 512.

## FOURTH CLAIM FOR RELIEF

**(Failure to Give Rest Breaks – Ca. Labor Code, Brought by Plaintiff, for herself individually)**

45. Plaintiff, on behalf of herself, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

46. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of four hours in one workday.

47. Defendant willfully, regularly, repeatedly and knowingly failed to provide Plaintiff with a ten (10) minute rest break for every four (4) hours she worked.

48. Plaintiff seeks damages in the amount of one hour of pay for each workday that a rest break was not provided, pursuant to California Labor Code Section 226.7.

## FIFTH CLAIM FOR RELIEF

**(Failure to Give Itemized Wage Statements – Ca. Labor Code, Brought by Plaintiff, for herself, individually)**

49. Plaintiff, on behalf of herself, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

50. Defendant willfully, regularly, repeatedly and knowingly failed to provide Plaintiff with itemized wage statements that conformed to the requirements of California law, in that the pay stubs she received did not include the total hours she worked in that pay period, all applicable hourly rates in effect during the pay period (i.e., straight time rate and overtime rate), and the corresponding number of hours she worked at each hourly rate.

51. Plaintiff seeks damages for the injury she has suffered as a result of Defendant's knowing and intentional failure to comply with this law, pursuant to California Labor Code Section 226.

## SIXTH CLAIM FOR RELIEF
(Failure to Provide Overtime Pay, Meal Breaks and Rest Breaks– Business & Professions Code, Brought by Plaintiff, individually)

52. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

53. Defendant failed to comply with the California Labor Code provisions regarding overtime, meal breaks and rest breaks, as provided above.

54. Plaintiff seeks restitution for unpaid overtime, rest breaks and meal breaks, pursuant to the California Business and Professions Code Section 17200, *et seq.*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that this Court grant judgment in her favor and against Defendant as follows:

a. Certifying that this case may be properly maintained as a collective action, appointing Lunger as representative of the Collective and appointing Lunger's counsel as counsel for the Collective;

b. Finding that Defendant's conduct with respect to Plaintiff and the Collective violates the FLSA;

c. Finding that Defendant knowingly and willfully violated the FLSA;

d. Awarding Plaintiff and other Collective members all unpaid overtime as set forth above, plus applicable statutory penalties and liquidated damages;

e. Finding that Defendant's conduct with respect to Plaintiff violated applicable California law as set forth above;

f. Awarding Plaintiff all due and owing overtime pay, compensation for unpaid meal and rest breaks and for failing to provide itemized wage statements under state law, and restitution for these violations under state law, and applicable statutory penalties and interest;

g. Enjoining Defendant from continuing to perpetrate its above-described practices;

h. Awarding attorneys' fees, costs, and interest; and

i. Providing such other and further relief it deems just, including prospective injunctive relief.

Dated: New York, New York
October 25, 2011

                                    Respectfully submitted,

                                    PEDOWITZ & MEISTER, LLP

                                    By: /s/ Arnold Pedowitz
                                    Arnold H. Pedowitz
                                    1501 Broadway, Suite 800
                                    New York, NY 10036
                                    Tel: (212) 403-7321
                                    Fax: (212) 354-6614
                                    pedowitz@pedowitzmeister.com
                                    *Attorneys for Plaintiff and the Collective*