**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DEVORAH LUNGER, on behalf of herself and
all other similarly situated persons,

                    Plaintiff,

      v.

UNION OF ORTHODOX JEWISH
CONGREGATIONS OF AMERICA
(ORTHODOX UNION),

                Defendant.

Civil Action No. 11 Civ. 7552 (DLC)

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

JACKSON LEWIS LLP
666 Third Avenue
New York, New York 10017
(212) 545-4000

Clifford R. Atlas
Felice B. Ekelman
Daniel D. Schudroff

ATTORNEYS FOR DEFENDANT

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 2

SUMMARY OF CLAIMS.................................................................................................... 2

MOTION TO DISMISS STANDARD.................................................................................. 3

ARGUMENT....................................................................................................................... 4

POINT I
PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER THE MINISTERIAL
EXCEPTION. ..................................................................................................................... 4

    A.    The Primary Duties of the Chapter Advisor/Chapter Director Position
           Are Religious In Nature. ...................................................................................... 4

    B.    The OU Is A Religious Institution. ............................................................................. 9

    C.    Plaintiff's California State Law Claims Are Also Subject To Dismissal ...................... 10

POINT II
IN THE ALTERNATIVE, THE COURT SHOULD DECLINE TO EXERCISE
SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS. .............. 11

CONCLUSION.................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Adams v. Indiana Wesleyan Univ.,
  09-CV-468, 2010 U.S. Dist. LEXIS 71403 (N.D. Ind. July 15, 2010) ......................................6

Alcazar v. Corp. of the Catholic Archbishop of Seattle,
  627 F.3d 1288 (9th Cir. 2010) ...............................................................................................10

Alicea-Hernandez v. Catholic Bishop of Chicago,
  320 F.3d 698 (7th Cir. 2003) ...............................................................................................8, 9

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ...............................................................................................................3

Bank of N.Y. Mellon Trust Co. v. Morgan Stanley Mortg. Capital I, Inc.,
  11 Civ. 0505, 2011 U.S. Dist. LEXIS 69168 (S.D.N.Y. June 27, 2011) ..................................4

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ...............................................................................................................3

Clapper v. Chesapeake Conference of Seventh-Day Adventists,
  No. 97-2648, 1998 U.S. App. LEXIS 32554 (4th Cir. Dec. 29, 1998) .....................................7

Coulee Catholic Schools v. Labor & Indust. Review Comm'n,
  2009 WI 88, 320 Wis. 2d 275 (2009) ......................................................................................7

EEOC v. Roman Catholic Diocese,
  213 F.3d 795 (4th Cir. 2000) ..................................................................................................8

Giordano v. City of New York,
  274 F.3d 740 (2d Cir. 2001)..................................................................................................11

Harris v. City of New York,
  186 F.3d 243 (2d Cir. 1999)....................................................................................................3

Henry v. Red Hill Evangelical Lutheran Church of Tustin,
  201 Cal. App. 4th 1041 (Cal. App. 4th Dist. 2011) ..................................................................6

Herrera v. Council for Human Servs. Home Care Servs. Corp.,
  05 Civ. 10734, 2008 U.S. Dist. LEXIS 67446 (S.D.N.Y. Aug. 27, 2008) ..............................11

Ortiz v. Guitian Music Bros.,
    07 Civ. 3897, 2009 U.S. Dist. LEXIS 65191 (S.D.N.Y. July 22, 2009) ...................................3

Rothman v. Gregor,
    220 F.3d 81 (2d Cir. 2000)........................................................................................................3

Schleicher v. Salvation Army,
    518 F.3d 472 (7th Cir. 2008) ................................................................................................7, 8

Seabrook v. Jacobson,
    153 F.3d 70 (2d Cir. 1998)......................................................................................................11

Shaliehsabou v. Hebrew Home of Greater Wash., Inc.,
    363 F.3d 299 (4th Cir. 2004) ........................................................................................... passim

Shukla v. Sat Prakash Sharma,
    07 CV 2972, 2009 U.S. Dist. LEXIS 90044 (E.D.N.Y. Aug. 14, 2009),
    adopted 2009 U.S. Dist. LEXIS 91051 (E.D.N.Y. Sept. 29, 2009)............................4, 5, 8, 10

Stately v. Indian Cmty. Sch. of Milwaukee, Inc.,
    351 F. Supp. 2d 858 (E.D. Wis. 2004).............................................................................6, 8, 9

Stoner v. Young Concert Artists, Inc.,
    10 cv 8025, 2011 U.S. Dist. LEXIS 22534 (S.D.N.Y. Mar. 7, 2011) ....................................11

Wechsler v. Orthodox Union,
    06 Civ. 7196, 2008 U.S. Dist. LEXIS 105780 (S.D.N.Y. Dec. 18, 2008)..............................10

## PRELIMINARY STATEMENT

The Union of Orthodox Jewish Congregations of America (hereinafter referred to as the "OU" or "Defendant"), submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Devorah Lunger's (hereinafter referred to as "Lunger" or "Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In this lawsuit, Plaintiff, on behalf of herself and a purported class of similarly situated individuals, asserts an unmeritorious cause of action alleging the OU violated the Fair Labor Standards Act ("FLSA"). Plaintiff also asserts, individually and not on behalf of any purported class, a myriad of unmeritorious claims against the OU pursuant to the California Labor Code ("Ca. Labor Code"), and California Business & Professions Code ("Ca. Bus. & Prof. Code").

Plaintiff's Complaint should be dismissed because Plaintiff is exempt from the overtime provisions of the FLSA under the ministerial exception. Specifically, Plaintiff is a Chapter Advisor/Chapter Director for the National Conference of Synagogue Youth ("NCSY"), which the OU founded to provide teenagers with a forum to connect with the religious, cultural, and spiritual aspects of Judaism. In this capacity, Plaintiff serves as a mentor to Jewish teenagers through teaching, counseling, and leading various religious rites, such as hosting holiday meals and Judaic-themed weekend retreats, known as *Shabbatonim*. Further, the OU is unquestionably a religious institution, given its stated mission of serving the Orthodox Jewish community.

Plaintiff's California state law claims likewise should be dismissed under the ministerial exception. In the alternative, since Plaintiff's FLSA claim is defective as a matter of law, the Court should decline to exercise supplemental jurisdiction over these state law claims.

Accordingly, Defendant respectfully requests that the Court grant its Motion and dismiss Plaintiff's claims in their entirety, with prejudice.[1]

## STATEMENT OF FACTS

The OU is a not-for-profit religious organization. The OU's mission is to "advance, strengthen, and lead the Orthodox Jewish Community, and inspire the greater Jewish community....[by] provid[ing] an array of religious, youth, social action, educational, public policy and community development services, programs and activities...."[2] (Complaint ¶ 9.)[3]

Plaintiff has served as a Chapter Advisor/Chapter Director since 2002 for NCSY, a division of the OU founded "to provide Jewish teens with an opportunity to build a strong connection to their Jewish roots through inspiration and leadership skills." (Complaint ¶¶ 10, 12.)[4] Plaintiff's primary duties include "teaching classes, planning and executing events for the students, meeting with teens on an individual basis..., [and] preparing for and hosting holiday meals...." (Complaint ¶ 14.) In addition, Plaintiff often hosts students at her home during the Sabbath on Friday nights and Saturdays and serves as a chaperone on trips to Israel and Judaic-themed weekend retreats, known as *Shabbatonim*. (Complaint ¶ 14.)

## SUMMARY OF CLAIMS

Plaintiff's Complaint asserts violations of the FLSA on behalf of herself and others similarly situated. (Complaint ¶ 1.) Plaintiff also asserts claims, on behalf of herself only,

---

[1] The OU submits the instant motion on the limited grounds stated herein without waiving any other defenses or bases for a subsequent motion to dismiss or for summary judgment.

[2] The facts in this brief are taken from Plaintiff's Complaint which is attached as Exhibit "A" to the Affidavit of Clifford R. Atlas, ("Atlas Aff.") sworn to on January 10, 2012 and submitted herewith.

[3] This allegation quotes the "About the OU" page of the OU's website, which can be found at http://www.ou.org/about_us, of which the Court may take judicial notice in this case.

[4] This allegation quotes the "About NCSY" page of the OU's website, which can be found at http://www.ncsy.org/about, of which the Court may take judicial notice in this case.

under the Ca. Labor Code and Ca. Bus. & Prof. Code. (Complaint ¶ 2.) Specifically, Plaintiff asserts that the OU did not properly pay her overtime for certain hours worked, post certain required notices pertaining to overtime requirements, keep accurate time records, furnish appropriate wage statements, or give rest/meal breaks during the work day. (Complaint ¶¶ 15-21.)

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). On such a motion, the Court "must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff." See Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999). However, factual allegations set forth in the Complaint "must be enough to raise a right to relief above the speculative level" and a complaint must have "facial plausibility" in order to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Furthermore, "[d]ismissal is appropriate where 'the complaint itself establishes the facts necessary to sustain [a] defendant's [affirmative] defense.'" See, e.g., Ortiz v. Guitian Music Bros., 07 Civ. 3897, 2009 U.S. Dist. LEXIS 65191, at *5 (S.D.N.Y. July 22, 2009) (internal quotations omitted).[5]

Finally, on a motion to dismiss, a court may consider matters of which judicial notice may be taken, such as public records and any documents referenced in the Complaint. See, e.g., Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) (on a motion to dismiss, courts have "deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference" as well as "documents that the plaintiffs

---

[5] Copies of unreported decisions cited herein are attached as Exhibit B to the Atlas Aff.

either possessed or knew about and upon which they relied in bringing the suit"); <u>Bank of N.Y.</u>

<u>Mellon Trust Co. v. Morgan Stanley Mortg. Capital I, Inc.</u>, 11 Civ. 0505, 2011 U.S. Dist. LEXIS

69168, at *8-9 (S.D.N.Y. June 27, 2011) (same).

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER
THE MINISTERIAL EXCEPTION.**

As fully set forth below, Plaintiff's FLSA and California state law claims should

be dismissed because Plaintiff is an exempt ministerial employee since her primary duties as a

Chapter Advisor/Chapter Director are religious in nature and the OU is clearly a religious

institution.

> **A.**     **The Primary Duties of the Chapter Advisor/Chapter Director Position Are
> Religious In Nature.**

In order for the wage and overtime provisions of the FLSA to apply to any claim,

<u>inter alia</u>, "the person seeking coverage must be an 'employee,'" meaning "any individual

employed by an employer." See <u>Shukla v. Sat Prakash Sharma</u>, 07 CV 2972, 2009 U.S. Dist.

LEXIS 90044, at *20 (E.D.N.Y. Aug. 14, 2009) <u>adopted</u>, 2009 U.S. Dist. LEXIS 91051

(E.D.N.Y. Sept. 29, 2009) <u>citing</u> 29 U.S.C. § 203(r).  Courts, including those in this Circuit, have

recognized that the ministerial exception applies to the FLSA, which is derived "from the

congressional debate [about the FLSA] and delineated in guidelines issued by the Labor

Department's Wage and Hou[r] Administrator." <u>Shaliehsabou v. Hebrew Home of Greater</u>

<u>Wash., Inc.</u>, 363 F.3d 299, 305 (4th Cir. 2004); <u>Shukla</u>, 2009 U.S. Dist. LEXIS 90044, at *9.

Specifically, the United States Department of Labor has, through administrative guidelines,

4

enumerated various religious positions which are excluded from the FLSA's definition of "employee:"

> Persons such as nuns, monks, priests, lay brothers, ministers, deacons, and other members of religious orders who serve pursuant to their religious obligations in schools, hospitals and other institutions operated by their church or religious order shall not be considered to be 'employees.'

Shukla, 2009 U.S. Dist. LEXIS 90044, at *20, citing Field Operations Handbook, Wage and Hour Division, U.S. Dep't of Labor, Ch. 10b03(b) (1967); see also Shaliehsabou, 363 F.3d at 305.

Courts will determine as a matter of law whether a position qualifies for the ministerial exception by examining its primary duties. Shaliehsabou, 363 F.3d at 306. This assessment is derived from the Title VII ministerial exception, which, although "based on constitutional principles and not on 'congressional debate' and Labor Department guidelines," is "coextensive in scope" with the FLSA's ministerial exception. Id. at 306.   In applying the primary duties test, courts focus "on 'the function of the position,' and not whether the individual holding that position is formally ordained -- i. e., [the court] ask[s] 'whether a position is important to the spiritual and pastoral mission of the church.'" Id. (internal citations omitted). Accordingly, "as a general rule, if the employee's primary duties consist of teaching, spreading the faith, church governance, supervision of a religious order, or supervision or participation in religious ritual and worship, he or she should be considered 'clergy.'" Id. (internal citations omitted). As such, the Shaliehsabou decision stands firmly for the proposition that the ministerial exception applies to positions beyond those listed in the Department of Labor's Field Operations Handbook. Specifically, the Shaliehsabou court ruled that a mashgiach qualified for the ministerial exception to the FLSA because "duties required him to perform religious ritual" by

ensuring food served at the nursing home he worked at complied with Jewish dietary laws. Id. at 309.

Numerous courts have upheld the ministerial exception in the Rule 12 dismissal context. In Stately v. Indian Cmty. Sch. of Milwaukee, Inc., 351 F. Supp. 2d 858 (E.D. Wis. 2004), the plaintiff, a teacher, asserted the religious school by whom she was employed unlawfully terminated her on the basis of her religion and race in violation of Title VII and comparable anti-discrimination statutes. The defendant moved to dismiss the plaintiff's claims based on Title VII's ministerial exception, among other grounds. Id. at 869. The Stately court initially noted that "when a party acts as a liaison between a religious institution and 'those whom it would touch with its message,' she is acting in a ministerial role." Id. (internal citations omitted).  The Stately court ruled the plaintiff's position satisfied this standard, explaining that she "participated in and, from time to time, assumed a leadership role in [defendant's] religious ceremonies and cultural activities, like spirit pole ceremonies, opening and closing ceremonies, and traditional Indian singing." Id.  Additionally, the court noted the plaintiff "served as a mentor to several students, expressly charged with taking a deep interest in the students' spiritual health." Id. For these reasons, the Stately court concluded that "[g]iven her instrumental role in developing the spiritual life of her Native American students, [the plaintiff's] position was unquestionably ministerial." Id.

Other courts have reached the same conclusion as Stately and dismissed plaintiffs' claims based on the ministerial exception. See Henry v. Red Hill Evangelical Lutheran Church of Tustin, 201 Cal. App. 4th 1041, 1055 (Cal. App. 4th Dist. 2011) (applying ministerial exception to church pre-school teacher's wrongful termination claim, explaining she "introduced her students to Christianity…, led the children in prayer and when…students [were] in need of

discipline, she related to the wayward child a relevant Bible story to show the child the error of his or her action"); Adams v. Indiana Wesleyan Univ., 09-CV-468, 2010 U.S. Dist. LEXIS 71403, at *24 (N.D. Ind. July 15, 2010) (applying ministerial exception to dismiss university professor's Title VII claims based on fact that "she was charged with incorporating the doctrine of the Wesleyan Church into her curriculum"); Clapper v. Chesapeake Conference of Seventh-Day Adventists, No. 97-2648, 1998 U.S. App. LEXIS 32554, at *20 (4th Cir. Dec. 29, 1998) (affirming dismissal of elementary school teacher's Title VII and ADEA claims based on ministerial exception because her "primary duties...consist[ed] of teaching and spreading the Seventh-day Adventist faith and supervising and participating in religious ritual and worship"); Coulee Catholic Schools v. Labor & Indust. Review Comm'n, 2009 WI 88, 320 Wis. 2d 275, 322 (2009) (dismissing Catholic school first grade teacher's age discrimination claim, noting "her specific obligations to contribute to worship services and teach Catholic doctrine to her students point to her significance in the religious mission of the school [as she] was required to perform quintessentially religious tasks as a central part of her job, and her role was an essential part of the Catholic Church's educational ministry to its youth").

In Schleicher v. Salvation Army, 518 F.3d 472 (7th Cir. 2008), the Court of Appeals for the Seventh Circuit explicitly stated that "it is entirely proper...for a defendant who is invoking the presumption that ministers' compensation is not subject to the Fair Labor Standards Act to move to dismiss an FLSA case under Rule 12(c)...."[6] At issue in Schleicher was whether ordained ministers assigned to administer a Salvation Army Adult Rehabilitation

---

[6] The court also ruled that a Rule 12(b)(1) motion was an inappropriate vehicle to dismiss the plaintiffs' claims because "[j]urisdiction is determined by what the plaintiff claims rather than by what may come into the litigation by way of defense." Id. at 478. As a result, based on this guidance, despite the fact that other courts, including those cited to herein, have applied the ministerial exception and granted defendants' Rule 12(b)(1) dismissal motions, the OU seeks to dismiss Plaintiff's claims pursuant to the ministerial exception by virtue of Rule 12(b)(6).

Center, which included overseeing a thrift shop, qualified for the ministerial exception to the FLSA.  Preliminary, the Schleicher court noted that the plaintiffs' function was "not to wait on customers of the thrift shops or manage one or more of the stores on a day to day basis; it [was] to manage a religious complex that includes thrift shops." Id. at 477. Moreover, the Schleicher court explained "[t]he rehabilitation centers are self-contained religious communities for their residents, who the Salvation Army is trying to save....[and whose] residents pursue courses of religious studies and devotions along with undergoing work therapy as employees of the thrift shops." Id. Notably, the plaintiffs conceded that their duties included:

> "preaching," "leading worship singing," "overseeing or leading daily devotions," "overseeing or teaching Bible studies" to the residents, "overseeing or conducting Christian living classes" for them, and teaching "soldiers classes," which are classes for prospective Salvation Army ministers. In addition, the ministers circulate throughout the thrift shops "getting to know [the employees--the flock], getting to fellowship with them, but most importantly to minister to them, to talk to them about the condition of their soul."

Id. In finding that the ministerial exception applied, the Schleicher court ruled that the plaintiffs could not rebut the presumption that the church was not a fake (i.e., the Salvation Army has existed since 1880) or that the minister title was arbitrarily applied.  Accordingly, the Schleicher court affirmed the district court's dismissal of the plaintiffs' FLSA claims. See also EEOC v. Roman Catholic Diocese, 213 F.3d 795, 800 (4th Cir. 2000) (part-time music teacher and Director of Music Ministry at a Catholic cathedral was a "minister" because of the importance of music to Catholicism); Alicea-Hernandez v. Catholic Bishop of Chicago, 320 F.3d 698 (7th Cir. 2003) (Hispanic Communications Manager working at Catholic church was a "minister" because a "press secretary is responsible for conveying the message of an organization to the public as a whole" and is "a liaison between the Church and the community").

Shukla, Shaliehsabou, Stately, and Schleicher apply with equal force to the present case and conclusively establish that the FLSA is inapplicable to Plaintiff's claims. First, the allegations of Plaintiff's Complaint confirm that the primary duties of the Chapter Advisor/Chapter Director position are religious in nature. See Shaliehsabou and Stately. Specifically, as in Stately, Plaintiff here asserts that she teaches classes, meets with teens on an individual basis, prepares for and hosts traditional Jewish holiday meals, invites students to her home on the Sabbath, and accompanies Jewish teenagers on Jewish-themed weekend retreats known as *Shabbatonim*. (Complaint, ¶ 14.) Moreover, it is undeniable that Plaintiff performs these duties in conjunction with NCSY's stated mission, which Plaintiff herself identifies as providing "*Jewish* teens with an opportunity to build a strong connection to their *Jewish* roots through inspiration and leadership skills." (Complaint ¶ 10) (emphasis added). Additionally, whether Plaintiff herself is ordained is immaterial since this factor alone is not dispositive of whether the ministerial exception applies. See Shaliehsabou, Stately, Roman Catholic Diocese and Catholic Bishop of Chicago.

**B.**     **The OU Is A Religious Institution.**

In addition to the primary duties analysis, courts have found that the "ministerial exception to the FLSA applies only to 'employment relationships between *religious institutions* and their '*ministers.*'" Shaliehsabou, 363 F.3d. at 307. Courts have held that "a religiously affiliated entity is a 'religious institution' for purposes of the ministerial exception whenever that entity's mission is marked by clear or obvious religious characteristics." Id. at 310. In finding that a Hebrew Home nursing home ("Hebrew Home") constituted a "religious institution," the Shaliehsabou court relied in part on the fact that the Hebrew Home's "mission is to provide elder care to 'aged of the Jewish faith in accordance with the precepts of Jewish law and customs.'" Id.

9

at 311. As a result, the <u>Shaliehsabou</u> Court held that since the plaintiff's primary duties were ministerial in nature, and that he was employed by a religious institution, the ministerial exception applied and his FLSA claims could not survive dismissal. <u>Id.</u>

It is abundantly clear that the OU qualifies as a religious institution for purposes of the FLSA's ministerial exception. As Plaintiff admits in her Complaint (just as the plaintiff in the <u>Shaliehsabou</u> case admitted) "[t]he mission of the Orthodox Union is to advance, strength, and lead the ***Orthodox Jewish*** Community, and inspire the greater ***Jewish*** community. The OU provides an array of ***religious***, youth, social action, educational, public policy and community development services, programs and activities for the Orthodox Jewish community." (Complaint ¶ 9) (emphasis added). Accordingly, by Plaintiff's own allegations, the OU is a religious institution. <u>See</u> <u>Wechsler v. Orthodox Union</u>, 06 Civ. 7196, 2008 U.S. Dist. LEXIS 105780 (S.D.N.Y. Dec. 18, 2008) (holding that the OU qualified as a religious organization under Title VII).

### C.   <u>Plaintiff's California State Law Claims Are Also Subject To Dismissal.</u>

Plaintiff's claims for violations of the Ca. Labor Code and Ca. Bus. & Prof. Code, brought only on behalf of herself and not any purported class, are likewise subject to dismissal under the ministerial exception. <u>See</u> <u>Shukla</u>, 2009 U.S. Dist. LEXIS 90044, at *21 (finding that ministerial exception warranted dismissal of both plaintiff's FLSA and New York Stage wage and hour law claims); <u>Alcazar v. Corp. of the Catholic Archbishop of Seattle</u>, 627 F.3d 1288 (9th Cir. 2010) (ministerial exception applied to plaintiff's Washington's Minimum Wage Act). Based on this authority, the Court should dismiss Plaintiff's California state law claims, because they are also subject to the ministerial exception.

*       *       *

10

In sum, this Court should dismiss Plaintiff's FLSA and California state law claims because the ministerial exception applies. Plaintiff's Complaint clearly establishes that her primary duties as a Chapter Advisor/Chapter Director are religious in nature and she is unquestionably employed by a religious institution. Accordingly, the Court should dismiss Plaintiff's claims in their entirety, with prejudice.

## POINT II

### IN THE ALTERNATIVE, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.

In the event the Court does not simultaneously dismiss Plaintiff's California state law claims on their merits based on the ministerial exception, the OU respectfully submits that the Court nevertheless should decline to exercise supplemental jurisdiction over these state law claims. Plaintiff's FLSA claim, which warrants dismissal, is the only federal claim she asserts, and provides the sole basis for federal jurisdiction. (Complaint, ¶ 7.) See Herrera v. Council for Human Servs. Home Care Servs. Corp., 05 Civ. 10734, 2008 U.S. Dist. LEXIS 67446 (S.D.N.Y. Aug. 27, 2008) (dismissing plaintiff's FLSA claim and declining to exercise supplemental jurisdiction over plaintiff's pendent New York Labor Law claims); see also Giordano v. City of New York, 274 F.3d 740, 754-55 (2d Cir. 2001); Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998); Stoner v. Young Concert Artists, Inc., 10 cv 8025, 2011 U.S. Dist. LEXIS 22534, at *10 (S.D.N.Y. Mar. 7, 2011).

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure and for such other and further relief as the Court may

deem just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Date:  January 10, 2012                  By:
New York, New York
                                              Clifford R. Atlas
                                              Felice B. Ekelman
                                              Daniel D. Schudroff

                                         ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2012, a true and correct copy of the foregoing Memorandum of Law was served, via ECF upon Plaintiff Devorah Lunger's counsel of record, Arnold Pedowitz, Esq., at the following address:

**Arnold Henry Pedowitz**
Law Offices of Arnold H. Pedowitz
1501 Broadway, Suite 800
New York, NY 10036
212-403-7321
Fax: 212-354-6614
Email: pedowitz@aol.com


Daniel D. Schudroff

13