UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Devorah Lunger, on behalf of herself
and all other similarly situated persons,   11-CV-7552 (DLC)

                                   Plaintiffs,

                  v.

Union of Orthodox Jewish Congregations
Of America (Orthodox Union)/NCSY,

                                   Defendant.
------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW

## IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

                                                  PEDOWITZ & MEISTER, LLP
                                                  Arnold H. Pedowitz, Esq.
                                                  Karen Kranson, Esq.
                                                  Attorneys for Plaintiffs
                                                  1501 Broadway, Suite 800
                                                  New York, NY 10036
                                                  (212) 403-7321
                                                  (212) 354-6614 (fax)

# TABLE OF CONTENTS

|  |  | PAGE |
|---|---|---|
| INTRODUCTORY STATEMENT | | 1 |
| STATEMENT OF FACTS | | 2 |
| ARGUMENT | | 3 |
| I. | THE OU'S MOTION TO DISMISS MUST BE DENIED BECAUSE PLAINTIFF HAS SUFFICIENTLY PLEADED | 3 |
| II. | PLAINTIFF IS NOT AN EXEMPT EMPLOYEE UNDER ANY FLSA EXCEPTION | 4 |
| III. | THE COURT SHOULD MAINTAIN SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS | 13 |
| CONCLUSION | | 14 |

# TABLE OF AUTHORITIES

**Cases**

*A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S.Ct. 807, 89 L.Ed. 1095 (1945) .............. 8,9

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ................................. 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ................................................................ 3

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d
   212, 217 (2d Cir. 2004) .............................................................................................................. 4

*Christensen v. Harris County*, 529 U.S. 576, 587, 120 S. Ct. 1655, 1662-63, 146 L. Ed. 2d 621
   (2000) ........................................................................................................................................ 12

*Dole v. Shenandoah Baptist Church*, 899 F.2d 1389, 1399 (4th Cir. 1990)...........................13

*E.E.O.C. v. Tree of Life Christian Sch.*, 751 F. Supp. 700, 712 (S.D. Ohio 1990)........................ 6

*EEOC v. Arabian American Oil Co.*, 499 U.S. 244, 256-258, 111 S.Ct. 1227, 113 L.Ed.2d 274
   (1991) ....................................................................................................................................... 12

*Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985) ............................................................... 4

*Hankins v. New York Annual Conference of United Methodist Church*, 351 F. App'x 489, 491 (2d
   Cir. 2009) ................................................................................................................................. 10

*Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 132 S. Ct. 694 (U.S. 2012)... 4

*Kedroff v. St. Nicholas Cathedral of Russian Orthodox Church in N. Am.*, 344 U.S. 94, 73 S. Ct.
   143 (1952)..................................................................................................................................5

*Kraft v. Rector, Churchwardens & Vestry of Grace Church in New York*, 01-CV-7871 (KMW),
   2004 WL 540327, *5 (S.D.N.Y. Mar. 17, 2004) ..................................................................... 10

*Martin v. Occupational Safety and Health Review Comm'n*, 499 U.S. 144, 157, 111 S.Ct. 1171,
   113 L.Ed.2d 117 (1991) ........................................................................................................... 12

*Powell v. United States*, 339 U.S. 497, 517, 70 S.Ct. 755, 94 L.Ed. 1017 (1950)........................ 8,9

*Reno v. Koray*, 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) ................................... 12

*Rweyemamu v. Cote*, 520 F.3d 198, 207 (2d Cir. 2008) ............................................................. 10

*Schleicher v. Salvation Army*, 518 F.3d 472 (7th Cir. 2008) ........................................................ 7

*Shaliehsabou v. Hebrew Home of Greater Washington, Inc.*, 363 F.3d 299 (4th Cir. 2004) ...... 7,9

*Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944) ........................ 12

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ........ 4

*Thomas v. Review Board, Indiana Employment Security Div.*, 450 U.S. 707, 717-718, 101 S.Ct.
   1425, 1431-1432, 67 L.Ed.2d 624 (1981) ................................................................................. 5

*Tony & Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 105 S.Ct. 1953, 85 L.Ed.2d
   278 (1985) .................................................................................................................. 5,6,8,9,10,13

*United States v. Lee*, 455 U.S. 252, 256-257, 102 S.Ct. 1051, 1054-1055, 71 L.Ed.2d 127 (1982)
   ..................................................................................................................................................... 5

*Zdenek Mark v. Old Navy (Apparel) Inc.*, 348 F.Supp.2d 275, 279 (S.D.N.Y. 2004).................... 4

**Statutes**

29 U.S.C. § 203(e) .................................................................................................................. 8
29 U.S.C. § 203(g) .................................................................................................................. 8
California Labor Code §§226, 510, 512 ................................................................................ 2

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Devorah Lunger, on behalf of herself
and all other similarly situated persons,           11-CV-7552 (DLC)


                        Plaintiffs,
                                                    PLAINTIFF'S
                                                    MEMORANDUM OF LAW
                v.                                  IN OPPOSITION TO
                                                    DEFENDANT'S MOTION
                                                    TO DISMISS


Union of Orthodox Jewish Congregations
Of America (Orthodox Union)/NCSY,

                        Defendant.
-------------------------------------------------------X
```

## INTRODUCTORY STATEMENT

Simply stated, the Orthodox Union was Plaintiff's employer, Plaintiff worked in a non-exempt position, and although she worked numerous hours of overtime, she was not paid what the law requires. Despite what Defendant argues, and as will be shown below, the ministerial exemption does not apply and therefore it does not protect Defendant from its violation of the law.

Defendant Union of Orthodox Jewish Congregations of America (the "Orthodox Union" or "the OU") employed Plaintiff Devorah Lunger ("Plaintiff" or "Lunger"), as a Chapter Advisor/Chapter Director. In spite of the hours worked,

1

the OU denied Lunger, and other similarly situated employees, overtime pay under Federal law, and committed overtime and other wage violations under California laws.

This is an action by Lunger against Defendant pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), California Labor Code §§226, 510, 512 and Industrial Welfare Commissioner Wage Orders and the California Business & Professions Code §17200. This Memorandum of Law is submitted by Plaintiff in opposition to the OU's Motion to Dismiss.

## STATEMENT OF FACTS

Defendant Orthodox Union provides an array of religious, youth, social action, educational, public policy and community development services, programs and activities for the Orthodox Jewish community. Complaint ¶9. Defendant provides youth services through NCSY, its international youth movement. *Id*. at ¶10.

Since 2002, Lunger has worked for NCSY as a Chapter Advisor/Chapter Director to groups of NCSY teens. *Id*. at ¶12. Her duties include teaching classes, planning and executing events for the students, meeting with teens on an individual basis, preparing for and hosting holiday meals, and chaperoning students on trips and weekend retreats. *Id*. at ¶14.

2

Plaintiff regularly worked from fifty to seventy hours every week, at times more, and was never paid overtime by Defendant. *Id.* at ¶13, 15. Defendant did not post the required notices setting forth employees' rights under the applicable overtime laws. *Id.* at ¶16. Lunger's pay stubs failed to include her hourly rates, the hours she works or the number of hours she works at each rate. *Id.* at ¶20. Lunger was not given rest breaks or meal breaks during the work day. *Id.* at ¶21.

## ARGUMENT

### I.

### THE OU'S MOTION TO DISMISS MUST BE DENIED BECAUSE PLAINTIFF HAS SUFFICIENTLY PLEADED

For a complaint to survive a Rule 12(b) motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility," the Supreme Court has explained,

> when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), (quoting *Twombly,* 550 U.S. at 556–57).

3

In considering a motion under Rule 12(b), the Court must accept as true all well pleaded factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004). The Court's function is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Zdenek Mark v. Old Navy (Apparel) Inc.*, 348 F.Supp.2d 275, 279 (S.D.N.Y. 2004) (*citing Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985)).

II.

## PLAINTIFF IS NOT AN EXEMPT EMPLOYEE UNDER ANY FLSA EXCEPTION

The OU's Motion to Dismiss is based on the premise that Lunger is exempt from Federal wage protections under a "ministerial exception" to the FLSA. However, the decisions relied upon by the OU preceded the Supreme Court's recent focused decision in *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 132 S. Ct. 694 (U.S. 2012)("*Hosanna–Tabor*") and its analysis is therefore necessarily faulty. As the Court explained, the ministerial exception arises out of the Religion Clauses of the First Amendment to the U.S. Constitution and limits courts from getting involved in a religious organization's decision-making when selecting its religious leaders.

4

> The [ministerial] exception . . . ensures that the authority to select and control who will minister to the faithful—a matter "strictly ecclesiastical," *Kedroff,* 344 U.S., at 119, 73 S.Ct. 143—is the church's alone.

*Hosanna–Tabor* at *15.

*Hosanna–Tabor* involved the review of a church's decision to terminate one of its ministers. By contrast, this action simply seeks enforcement of the overtime laws and does not seek to interfere with a religious organization's choice of leaders. Not only did the *Hosanna-Tabor* Court state that its decision was limited:

> Today the Court holds only that the ministerial exception bars an employment discrimination suit brought on behalf of a minister, challenging her church's decision to fire her. The Court expresses no view on whether the exception bars other types of suits.

*Hosanna–Tabor* at *4, but there is no connection between the selection of ministers as discussed by the Court and the payment of overtime to employees. As the Supreme Court stated in *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 303, 105 S. Ct. 1953, 1962, 85 L. Ed. 2d 278 (1985), "It is virtually self-evident that the Free Exercise Clause does not require an exemption from a governmental program unless, at a minimum, inclusion in the program actually burdens the claimant's freedom to exercise religious rights. See, *e.g., United States v. Lee,* 455 U.S. 252, 256-257, 102 S.Ct. 1051, 1054-1055, 71 L.Ed.2d 127 (1982); *Thomas v. Review Board, Indiana Employment Security Div.,* 450 U.S. 707, 717-718, 101 S.Ct. 1425, 1431-1432, 67 L.Ed.2d 624 (1981)." The reasons for the

5

ministerial exception, as detailed by the Court, are inapplicable in the FLSA context. The FLSA protects the pay of employees, whether in a religious or non-religious institution. As applied in this case, the FLSA does not involve any entanglement of the courts in religious decision-making.[1]

Indeed, the Supreme Court has previously opined on the subject of the FLSA and religious organizations:

> The Supreme Court has upheld application of the minimum wage, overtime, and record-keeping provisions of the Fair Labor Standards Act to religious organizations. In *Tony & Susan Alamo Found. v. Secretary of Labor,* 471 U.S. 290, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985), the court rejected both Free Exercise and Establishment Clause challenges in the case of a non-profit religious organization ...

*E.E.O.C. v. Tree of Life Christian Sch.*, 751 F. Supp. 700, 712 (S.D. Ohio 1990).

The Supreme Court explained in *Tony & Susan Alamo Found. v. Secretary of Labor,* 471 U.S. 290, 290, 105 S. Ct. 1953, 1956, 85 L. Ed. 2d 278 (1985), that

> This Court has consistently construed the [Fair Labor Standards] Act liberally...The Act contains no express or implied exception for commercial activities conducted by religious or other nonprofit organizations, and the Labor Department has consistently interpreted the Act to reach such businesses. And this interpretation is supported by the legislative history.

While Defendants cite a number of cases in their Memorandum in Support, most involve the Title VII ministerial exemption, the existence and parameters of

---

[1] Conceivably a religious organization might assert that certain hours worked are not compensable for religious reasons. That has not been asserted here. Even if it was, overtime would still be payable for the other hours.

6

which are not determinative of this motion. The decision most heavily relied on in Defendant's brief, *Shaliehsabou v. Hebrew Home of Greater Washington, Inc.*, 363 F.3d 299 (4th Cir. 2004)[2], involved the FLSA. The Fourth Circuit held that a ministerial exception existed to the FLSA and that it is based on Labor Department guidelines and congressional debate. The continued vitality of that decision has been thrown into question by the Supreme Court's analysis of the ministerial exception and its *raison d'etre*. The FLSA, a statute of general application, does not implicate the right of a religious organization to select its leaders and as the Court has taught is therefore outside the ambit of the ministerial exception.

A petition for rehearing en banc was filed in *Shaliehsabou*. The petition was denied with one Fourth Circuit Judge dissenting and explaining that

> [N]either this court, nor any other appellate court, has ever held that a "ministerial" exemption to the FLSA exists in any prior decision…It is for good reason that no court has ever held there to be a "ministerial" exception to FLSA's coverage. The exemption of "ministerial" employees from the protections of the FLSA-which the majority recognizes and construes broadly in its opinion-does not find a single word of support in the text of the Act or in the Labor Department's rules and regulations interpreting it. As such, the majority's recognition of the exemption flies in the face of the Supreme Court's express direction that "[t]o extend an exemption to other than those clearly and plainly within its [the FLSA's] terms and spirit is to abuse the interpretive process and to frustrate the

---

[2] The *Shaliehsabou* decision is from the Fourth Circuit and therefore not binding on this Court. Similarly, *Schleicher v. Salvation Army*, 518 F.3d 472 (7th Cir. 2008), also cited in Defendant's Memorandum, is a Seventh Circuit decision and not binding on this Court.

7

announced will of the people." *See A.H. Phillips, Inc. v. Walling,* 324 U.S. 490, 493, 65 S.Ct. 807, 89 L.Ed. 1095 (1945).

Although the majority does not acknowledge the novelty of its holding, the "ministerial" exception to the definition of "employee" on which it rests its exclusion of Shaliehsabou, has no basis in the statutory text of the FLSA. The Act defines "employee" in "exceedingly broad" terms, *see Tony & Susan Alamo Found. v. Secretary of Labor,* 471 U.S. 290, 295, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985), to "mean any individual employed by an employer," 29 U.S.C. § 203(e), and the term "employ" in similarly broad terms to mean "to suffer or to permit to work." 29 U.S.C. § 203(g). Thus, where an individual is "suffered or permitted to work" by an employer in expectation of compensation for that work, he is an "employee." *See Alamo Found.,* 471 U.S. at 302, 105 S.Ct. 1953. As the Supreme Court has made clear, "the test for employment under the Act is one of economic reality," *id.* at 301, 105 S.Ct. 1953, *i.e.* whether the persons in question undertook the covered activities "in expectation of compensation," *see id.* at 302, 105 S.Ct. 1953. The fact that an individual is a "ministerial" employee or that his primary duties are religious in nature has no bearing on this determination.

The "ministerial exemption" also has no basis in any of the dozens of statutory exemptions from the FLSA included in the Act itself. Despite the breadth of the FLSA's definition of "employee," the FLSA... expressly exempts from its coverage [certain kinds of workers]. But it does not exclude "ministerial" employees from the definition of "employee" and it provides no exemption for "ministerial" employees. *See Powell v. United States,* 339 U.S. 497, 517, 70 S.Ct. 755, 94 L.Ed. 1017 (1950) (providing that the FLSA's "specificity in stating exemptions strengthens the implication that employees not thus exempted ... remain within the Act").

In sum, the FLSA is completely bereft of any language that even conceivably could be construed to create the "ministerial exception" to the definition of "employee" recognized, and relied upon, by the majority. For this reason alone, the majority's holding is in obvious conflict with a long line of Supreme Court precedent, directing that the FLSA be construed "liberally to apply to the furthest reaches consistent with congressional direction," *Alamo Found.,* 471 U.S. at

8

296, 105 S.Ct. 1953, and exemptions from its coverage strictly limited to those "clearly and plainly within its terms and spirit." *A.H. Phillips, Inc.,* 324 U.S. at 493, 65 S.Ct. 807; *see also Powell v. United States,* 339 U.S. at 517, 70 S.Ct. 755. As the Court has explained many times, "[w]hen Congress provides exceptions in a statute, it does not follow that courts have authority to create others. The proper inference ... is that Congress considered the issue of exceptions and, in the end, limited the statute to the ones set forth" (citations omitted).

*Shaliehsabou v. Hebrew Home of Greater Washington, Inc.,* 369 F.3d 797 (4th Cir. 2004). The reasoning in the dissent was prescient for its understanding of how the Supreme Court would interpret the ministerial exception. The FLSA has no ministerial exception written into the Act and no religious tenet is implicated when a religious organization decides to deny overtime pay for all overtime hours worked by its employees.[3]

Plaintiff disputes that she works in the kind of capacity that the Court recognized as falling within the ambit of the ministerial exception. Likewise she denies that the NCSY division of the OU for which she worked is a religious institution within the meaning of *Hosanna–Tabor*. These issues of whether NCSY or the OU are religious organizations, and whether Lunger's position should be considered ministerial, should only be decided after discovery; as such the motion should be denied as premature. *See Tony & Susan Alamo Fdn. V. Sec. of Labor,*

---

[3] This holding would apply equally to the application of the FLSA's overtime provisions... the requirement that the [religious organization] pay employees... overtime does not require the government-or the court-to question the [religious organization's] religious beliefs, inquire into the religious nature of the activities that [the employee] performs, or to become involved in any way in the governance or functioning of the institution.
Id. at 806.

9

471 U.S. at 299 ("The characterization of petitioners' business [as religious or not]... is a factual question..."). Regardless, no "ministerial" exemption to the FLSA has been established by the Supreme Court or this Circuit, the definition of "employee" in the text of the FLSA is intended to be read broadly irrespective of whether one is employed in a religious capacity, there is no ministerial exemption in the text of the FLSA despite a number of exceptions having been clearly laid out within it, and there is no basis for narrowing FLSA coverage so that it broadly excludes all overtime hours worked by employees of religious organizations. A ministerial exception in the Title VII context is mandated because of competing Constitutional interests that are not implicated when considering the payment of overtime under the FLSA. *See, e.g., Rweyemamu v. Cote*, 520 F.3d 198, 207 (2d Cir. 2008)("we affirm the vitality of th[e ministerial exemption] doctrine in the Second Circuit. In our view, *the ministerial exception is constitutionally required by various doctrinal underpinnings of the First Amendment.*")(emphasis added); *Hankins v. New York Annual Conference of United Methodist Church*, 351 F. App'x 489, 491 (2d Cir. 2009)(ministerial exception is "constitutionally-based"); *Kraft v. Rector, Churchwardens & Vestry of Grace Church in New York*, 01-CV-7871 (KMW), 2004 WL 540327, *5 (S.D.N.Y. Mar. 17, 2004)("It is important to note that the Court does not hold that the Free Exercise Clause bars a court from adjudicating *every* dispute that might arise in the context of an employment

contract between a minister and her church. The Court's holding is limited to a church's decisions concerning *employment* of ministers... The prohibition on a court resolving employment disputes between a church and its minister is founded on the principle that courts may not second-guess a church's determination of who is fit to perform religious duties.")

Citing the *Shaliehsabou* majority, the OU's Motion mentions, at page 4, that this exemption, as applied to the FLSA, derives from congressional intent and Labor Department guidelines. The *Shaliehsabou* dissent addresses this reliance, and states that the "single exchange on the House floor [which serves as the basis for the holding]... fails miserably as an expression of congressional intent" and that the Supreme Court has held that "positions taken solely in enforcement manuals, such as the *Field Operations Handbook* [on which the majority relies] are not entitled to "*Chevron*-style deference... The Handbook provides no rationale at all for its exclusion of "members of religious orders"... and, therefore, has no persuasive power" (citations omitted). *Id.* at 800-802.

> As both this [Fourth Circuit] court and the Supreme Court have recognized numerous times, "[t]he remarks of individual legislators, even sponsors of legislation, ... are not regarded as a *reliable* measure of congressional intent." This is especially true in a case such as this one, where the meaning of the statutory text is perfectly clear; the debate in which the relevant exchange occurred did not concern the term it is offered to modify; and Congress modified the definition of the term at issue immediately following the debate in which the relevant exchange took place, but not in the way suggested by the exchange.

11

*Id.* at 801-802 (internal citations omitted). The Supreme Court instructed in *Christensen v. Harris County*, 529 U.S. 576, 587, 120 S. Ct. 1655, 1662-63, 146 L. Ed. 2d 621 (2000), that:

> Interpretations such as those in opinion letters-like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law-do not warrant *Chevron*-style deference. See, *e.g., Reno v. Koray,* 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (internal agency guideline, which is not "subject to the rigors of the Administrative Procedur[e] Act, including public notice and comment," entitled only to "some deference" (internal quotation marks omitted)); *EEOC v. Arabian* **1663 *American Oil Co.,* 499 U.S. 244, 256-258, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991) (interpretative guidelines do not receive *Chevron* deference); *Martin v. Occupational Safety and Health Review Comm'n,* 499 U.S. 144, 157, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991) (interpretative rules and enforcement guidelines are "not entitled to the same deference as norms that derive from the exercise of the Secretary's delegated lawmaking powers"). See generally 1 K. Davis & R. Pierce, Administrative Law Treatise § 3.5 (3d ed.1994). Instead, interpretations contained in formats such as opinion letters are "entitled to respect" under our decision in *Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944), but only to the extent that those interpretations have the "power to persuade," *ibid.* See *Arabian American Oil Co., supra,* at 256-258, 111 S.Ct. 1227.

These weak bases for finding a new FLSA exception should not override the purposes of the FLSA in ensuring proper compensation of employees.

Finally, the:

> Supreme Court has explicitly held that the application of the record-keeping provisions of the FLSA to religiously-affiliated organizations ... "bear[s] no resemblance to the kind of government surveillance the Court has previously held to pose an intolerable risk of government entanglement with religion." *Alamo Found.,* 471 U.S. at 305, 105

12

S.Ct. 1953; *Shenandoah Baptist Church,* 899 F.2d at 1399 (same). This holding would apply equally to the application of the FLSA's overtime provisions… the requirement that the [religious organization] pay employees… overtime does not require the government-or the court-to question the [religious organization's] religious beliefs, inquire into the religious nature of the activities that [the employee] performs, or to become involved in any way in the governance or functioning of the institution.

*Shaliehsabou* at 806. There is no justification for a ministerial exception to FLSA protections and one should not be held to apply in this case, either to Lunger's Federal or state claims.

III.

<u>THE COURT SHOULD MAINTAIN SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS</u>

Because the Court should deny Defendant's Motion to Dismiss and maintain this action, it should also continue to exercise supplemental jurisdiction over Plaintiff's state law claims.

13

## CONCLUSION

For the foregoing reasons Defendant's motion should be denied and this action should proceed.

Dated: January 31, 2012
      New York, New York

Yours, etc,

/s/_____
Arnold H. Pedowitz
pedowitz@pedowitzmeister.com
Karen Kranson
kranson@pedowitzmeister.com
Pedowitz & Meister, LLP
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, NY 10036
(212) 403-7321