UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEVORAH LUNGER, on behalf of herself and all other similarly situated persons,

                Plaintiff,

v.

UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERICA (ORTHODOX UNION),

                Defendant.

Civil Action No. 11 Civ. 7552 (DLC)

---

### DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

JACKSON LEWIS LLP
666 Third Avenue
New York, New York 10017
(212) 545-4000

Clifford R. Atlas
Felice B. Ekelman
Daniel D. Schudroff

ATTORNEYS FOR DEFENDANT

# TABLE OF CONTENTS

ARGUMENT ................................................................................................................................ 2

POINT I
PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER THE MINISTERIAL
EXCEPTION. ............................................................................................................................... 2

    A.     The Supreme Court's Hosanna-Tabor Decision Supports That Plaintiff Is Subject to the Ministerial Exception to the FLSA. .............................................................................. 2

    B.     Judge Luttig's Dissent To The Rehearing En Banc in Shaliehsabou Is Flawed And Has Not Been Followed By Any Other Court. ................................................................... 5

    C.     Discovery Is Unnecessary Because Plaintiff's Complaint Establishes That Her Primary Duties Are Religious In Nature and the OU Is A Religious Organization. ...................... 7

        1.     Plaintiff's Primary Duties Are Religious In Nature ...................................................... 7

        2.     The OU Is A Religious Institution................................................................................. 8

POINT II
DISMISSAL WILL NOT PREVENT PLAINTIFF FROM SEEKING RELIEF IN A BEIT DIN, THE APPROPRIATE FORUM TO ADJUDICATE THIS DISPUTE. .......................................... 9

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Congregation Yetev Lev D'Satmar, Inc. v. 26 Adar N.B. Corp.,
  5 Misc. 3d 1023A, 2004 NY Slip Op 51515U (Sup Ct. Oct. 22, 2004) ...................................10

Herrera v. Council for Human Servs. Home Care Servs. Corp.,
  05 Civ. 10734, 2008 U.S. Dist. LEXIS 67446 (S.D.N.Y. Aug. 27, 2008) ................................9

Hosanna-Tabor Evangelical Lutheran Church v. EEOC,
  132 S. Ct. 694 (2012) ............................................................................................... passim

Schleicher v. Salvation Army,
  518 F.3d 472 (7th Cir. 2008) ..................................................................................................6

Shain v. Ctr. for Jewish History, Inc.,
  418 F. Supp. 2d 360 (S.D.N.Y. 2005) .....................................................................................4

Shaliehsabou v. Hebrew Home of Greater Washington,
  363 F.3d 299 (4th Cir. 2004) ("Shaliehsabou I") ............................................................. passim

Shaliehsabou v. Hebrew Home of Greater Washington, Inc.,
  369 F.3d 797 (4th Cir. 2004) ("Shaliehsabou II") ............................................................1, 5, 6

Shukla v. Sharma,
  07 CV 2972, 2009 U.S. Dist. LEXIS 90044 (E.D.N.Y. Aug. 14, 2009) ......................... passim

Shukla v. Sharma,
  2009 U.S. Dist. LEXIS 91051 (E.D.N.Y. Sept. 29, 2009) .......................................................4

Stately v. Indian Cmty. Sch. of Milwaukee, Inc.,
  351 F. Supp. 2d 858 (E.D. Wis. 2004) ................................................................................7, 8

Tony & Susan Alamo Found. v. Secretary of Labor,
  471 U.S. 290 (1985) ................................................................................................................6

Wechsler v. Orthodox Union,
  06 Civ. 7196, 2008 U.S. Dist. LEXIS 105780 (S.D.N.Y. Dec. 18, 2008) ...............................9

**OTHER AUTHORITIES**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ...................................................... passim

On January 11, 2012, the day after Defendant filed the instant motion, the Supreme Court of the United States issued its decision in Hosanna-Tabor Evangelical Lutheran Church v. EEOC, 132 S. Ct. 694, 181 L.E. 2d 650 (2012). The Supreme Court's decision confirms that Defendant's instant motion should be granted.

The Union of Orthodox Jewish Congregations of America (hereinafter referred to as the "OU" or "Defendant"), now submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss Plaintiff Devorah Lunger's (hereinafter referred to as "Lunger" or "Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its moving brief, Defendant cited persuasive authority finding that employees of religious organizations whose primary duties are religious in nature, like Plaintiff, are subject to the ministerial exception to the Fair Labor Standards Act ("FLSA") and comparable state laws.

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition") attempts to resuscitate her defective claims, but fails on each legally unsustainable ground. First, contrary to Plaintiff's arguments, the Supreme Court's decision in Hosanna-Tabor held that the ministerial exception is applicable to employment discrimination laws, and in no way disturbed the holdings of the cases Defendant cited in its moving brief finding the ministerial exception likewise applies to the FLSA.

Second, the great weight of authority applying the ministerial exception to the FLSA should not be ignored in favor of the dissent to the decision denying en banc review in Shaliehsabou v. Hebrew Home of Greater Washington, Inc., 369 F.3d 797 (4th Cir. 2004) ("Shaliehsabou II"), as Plaintiff asserts. As fully discussed below, the dissent's reasoning in Shaliehsabou II is flawed, does not survive Hosanna-Tabor, and has not been followed by any other court.

1

Third, the allegations contained in Plaintiff's Complaint, as well as the statements contained in her Opposition Affidavit, clearly confirm that her primary duties were religious in nature and that the OU is a religious institution. Plainly, no discovery is necessary

Finally, in light of the recently issued Hosanna-Tabor decision, and in concert with the ministerial exception, Defendant also notes that, pursuant to Jewish law, this dispute should be submitted to a Jewish court known as a *Beit Din*, an offer Defendant made to Plaintiff but which she refused. Therefore, even presuming Plaintiff's Complaint is dismissed in its entirety, as it should be, Plaintiff will still have another forum to pursue her claims.[1]

## ARGUMENT

## POINT I

## PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER THE MINISTERIAL EXCEPTION.

For the reasons stated in Defendant's initial Memorandum of Law, and as fully set forth below, Plaintiff's FLSA and California state law claims should be dismissed because Plaintiff is subject to the ministerial exception.

### A. The Supreme Court's Hosanna-Tabor Decision Supports That Plaintiff Is Subject to the Ministerial Exception to the FLSA.

In the recent Hosanna-Tabor decision, the Supreme Court unanimously recognized the ministerial exception under the Establishment and Free Exercise Clauses of the First Amendment and barred employment discrimination suits brought on behalf of ministers against church or religious organizations. The respondent-employee in Hosanna-Tabor worked for an Evangelical Lutheran Church and School and taught religion, led in prayer and devotional

---

[1] The OU submits the instant motion on the limited grounds stated herein without waiving any other defenses or bases for a subsequent motion to dismiss or for summary judgment.

2

exercises, and conducted chapel services. Hosanna-Tabor, 181 L.E. 2d at 657. The respondent-employee unsuccessfully attempted to return to her position after taking a medical leave of absence. Id. at 658. The petitioner-employer terminated her after she threatened legal action. Id. The EEOC filed a complaint on her behalf asserting retaliation in violation of the Americans With Disabilities Act. Id.

In dismissing the suit, the Supreme Court formally recognized the existence of the ministerial exception in the employment discrimination context, noting that it is "grounded in the First Amendment, [and] precludes application of such [employment discrimination] legislation to claims concerning the employment relationship between a religious institution and its ministers." Id. at 663. As a result, the Court held that:

> [r]equiring a church to accept or retain an unwanted minister, or punishing a church for failing to do so, **intrudes upon more than a mere employment decision. Such action interferes with the internal governance of the church**, depriving the church of control over the selection of those who will personify its beliefs."

(Emphasis added). Id. At the same time, the Hosanna-Tabor Court "express[ed] no view on whether the exception bars other types of suits, including actions by employees alleging breach of contract or tortious conduct by their religious employers." Id. at 666.

In opposition to Defendant's instant motion, Plaintiff urges this Court to take an unsustainably narrow view of Hosanna-Tabor and find that the ministerial exception is limited only to employment discrimination laws, and thus is inapplicable to the FLSA. See Plaintiff's Opposition, at 4-5. This would be improper. Merely because the Hosanna-Tabor Court declined to postulate as to whether the ministerial exception applies outside the employment discrimination context does not disturb the holdings of earlier decisions finding that individuals who perform primarily religious duties for religious organizations are subject to the ministerial

3

exception to the FLSA. See Shaliehsabou v. Hebrew Home of Greater Washington, 363 F.3d 299 (4th Cir. 2004) ("Shaliehsabou I"); Shukla v. Sharma, 07 CV 2972, 2009 U.S. Dist. LEXIS 90044 (E.D.N.Y. Aug. 14, 2009) adopted, 2009 U.S. Dist. LEXIS 91051 (E.D.N.Y. Sept. 29, 2009).[2]

In fact, the opposite is true. As the Shaliehsabou I court noted, the FLSA's ministerial exception is derived from the Title VII ministerial exception, which, although "based on constitutional principles and not on 'congressional debate' and Labor Department guidelines," is "coextensive in scope" with the FLSA's ministerial exception. Id. at 306. Therefore, since Hosanna-Tabor specifically endorsed the ministerial exception in the employment discrimination context, when read together with Shaliehsabou I, the ministerial exception is also clearly applicable to the FLSA. Moreover, Plaintiff fails to cite, much less distinguish Shukla, which specifically endorsed Shaliehsabou I, and held "the case law is clear that plaintiff's claims relating to overtime wage law violations under the FLSA and state law fall clearly within the ministerial exception." Shukla, 2009 U.S. Dist. LEXIS 90044, at *20. Notably, Shukla appears to be the only decision within this Circuit to address whether the ministerial exception applies to the FLSA.

Moreover, as the concurrence of Justices Alito and Kagan in Hosanna-Tabor noted, civil courts should not engage in an inqury which would "dangerously undermine…religious autonomy…." 181 L.E. 2d at 673. In this regard, it is well settled that, for example, "[k]eeping Shabbat means [an observer] may not cook, use money, **or do other kinds of work** after Shabbat has begun." See Shain v. Ctr. for Jewish History, Inc., 418 F. Supp. 2d 360, 363 (S.D.N.Y. 2005) (Emphasis added). Here, Plaintiff contends she is entitled to overtime

---

[2] True and correct copies of unreported decisions cited herein are attached as Exhibit "A" to the Reply Affidavit of Clifford R. Atlas in Further Support of Defendant's Motion to Dismiss Plaintiff's Complaint, submitted herewith.

compensation for time working with students during Shabbat. (Complaint, ¶ 14.) As a result, in order to test the veracity of this claim, this Court would necessarily need to entrench itself into an examination of Defendant's pay practices in conjunction with interpretations of Jewish law. This is the precise type of analysis the Hosanna-Tabor concurrence warns against. Again, Plaintiff's argument that the ministerial exception is inapplicable to the FLSA lacks merit.

### B. Judge Luttig's Dissent To The Rehearing En Banc in Shaliehsabou Is Flawed And Has Not Been Followed By Any Other Court.

Plaintiff's attack on the holding of the Shalieshabou I decision by citing to Judge Luttig's **dissent** in the Court of Appeals for the Fourth Circuit's decision denying en banc review is wholly improper. See Shaliehsabou II, 369 F.3d at 797. Plaintiff does not and cannot cite to any other court which has followed this dissent.

Preliminarily, Plaintiff articulates no proper reason why this Court should adhere to the dissent of a lone judge. Second, Judge Luttig's dissent in Shaliehsabou II does not survive Hosanna-Tabor, especially when it states that "[t]he fact that an individual is a 'ministerial' employee or that his primary duties are religious in nature has no bearing on [whether he is an 'employee' under the FLSA]." Id. at 799. This contention also is unsustainable given that the Shukla court held that "not only are the questions surrounding the selection of a minister matters of church governance [and therefore not subject to court interference], so too are the questions surrounding the 'determination of a minister's salary….'" Shukla, 2009 U.S. Dist. LEXIS 90044, at *12 (internal citations omitted). Therefore, a religious organization like the OU has the discretion to determine the compensation arrangements for employees performing primarily religious duties, like Plaintiff, without court oversight.

Third, Judge Luttig's dissent, and Plaintiff's Opposition, improperly and interchangeably use the term "ministerial **exception**" and "ministerial **exemption**" and argue that

5

there is no such express "exemption" under the FLSA for ministerial employees. Shaliehsabou II, 369 F.3d at 798-802. However, this consideration misses the mark. Defendant does not contend that there is a per se statutory "ministerial **exemption**" to the FLSA. Rather, in seeking dismissal of Plaintiff's claims, Defendant relies upon the "ministerial exception" to the FLSA, set forth in Shaliehsabou I, adopted by later courts, and as now outlined in the related employment discrimination context by the Supreme Court in Hosanna-Tabor. See Shukla; Schleicher v. Salvation Army, 518 F.3d 472 (7th Cir. 2008). Similarly, Tony & Susan Alamo Found. v. Secretary of Labor, 471 U.S. 290 (1985), cited in Judge Luttig's dissent is inapposite. The Alamo decision did not interpret whether the ministerial exception applied to the FLSA, but rather addressed the entirely separate and unrelated issue of whether the FLSA applies "to workers engaged in the commercial activities of a religious foundation." Id. at 291. Therefore, Judge Luttig's dissent is unavailing in this regard as well.

Finally, the dissent criticizes the Shaliehsabou I majority for relying on the United States Department of Labor's Field Operations Handbook, which Judge Luttig asserts has no persuasive power because it is merely an enforcement manual. Shaliehsabou II, 369 F.3d at 801-802. However, this argument is directly undercut by the fact that the only court within this Circuit to address the ministerial exception to the FLSA, Shukla, cited to this Field Operations Handbook as persuasive authority in support of its conclusion that the ministerial exception to the FLSA applied. Shukla, 2009 U.S. Dist. LEXIS 90044, at *20. Further, as noted above, Judge Luttig's (and now Plaintiff's) basic premise is incorrect — the ministerial exception derives from the United States Constitution, not the FLSA itself.

In sum, Plaintiff's reliance on Judge Luttig's dissent is improper and misplaced because its reasoning is flawed, inconsistent with Hosanna-Tabor, and has not been followed by

the only court within this Circuit to have addressed whether the ministerial exception applies to the FLSA. See Shukla.

## C. Discovery Is Unnecessary Because Plaintiff's Complaint Establishes That Her Primary Duties Are Religious In Nature and the OU Is A Religious Organization.

### 1. Plaintiff's Primary Duties Are Religious In Nature

As Defendant argued in its underlying Memorandum of Law, with respect to FLSA claims, courts will determine as a matter of law whether a position qualifies for the ministerial exception by examining its primary duties. Shaliehsabou I, 363 F.3d at 306. In applying the primary duties test, courts focus "on 'the function of the position,' and not whether the individual holding that position is formally ordained – i.e., [the court] ask[s] 'whether a position is important to the spiritual and pastoral mission of the church.'" Id. (internal citations omitted). Accordingly, "as a general rule, if the employee's primary duties consist of teaching, spreading the faith, church governance, supervision of a religious order, or supervision or participation in religious ritual and worship, he or she should be considered 'clergy.'" Id. (internal citations omitted).[3]

Shukla, Shaliehsabou I, and Stately apply with equal force to the present case and conclusively establish that the ministerial exception to the FLSA applies to Plaintiff's claims. First, the allegations in Plaintiff's Complaint, and statements in Plaintiff's Opposition Affidavit, confirm that the primary duties of the Chapter Advisor/Chapter Director position are religious in nature. See Shaliehsabou I and Stately. Specifically, as in Stately, Plaintiff's Complaint and

---

[3] Specifically, the Shaliehsabou I court ruled that a mashgiach qualified for the ministerial exception to the FLSA because "duties required him to perform religious ritual" by ensuring food served at the nursing home he worked at complied with Jewish dietary laws. Id. at 309. See also Stately v. Indian Cmty. Sch. of Milwaukee, Inc., 351 F. Supp. 2d 858 (E.D. Wis. 2004) (granting Rule 12 dismissal in Title VII action by applying ministerial exception to teacher who "participated in and, from time to time, assumed a leadership role in [defendant's] religious ceremonies and cultural activities…," as well as "served as a mentor to several students…").

Opposition Affidavit assert that she teaches classes, meets with teens on an individual basis, prepares for and hosts traditional Jewish holiday meals, invites students to her home on the Sabbath, and accompanies Jewish teenagers on Jewish-themed weekend retreats known as *Shabbatonim*. (Complaint, ¶ 14; Plaintiff's Affidavit ¶ 4.) Moreover, it is undeniable that Plaintiff performs these duties in conjunction with NCSY's stated mission, which Plaintiff herself identifies as providing "***Jewish*** teens with an opportunity to build a strong connection to their ***Jewish*** roots through inspiration and leadership skills." (Complaint ¶ 10; Plaintiff's Affidavit ¶ 2) (emphasis added). Additionally, and contrary to the assertions in her Affidavit, whether Plaintiff herself is ordained is immaterial since this factor alone is not dispositive of whether the ministerial exception applies. See Shaliehsabou I and Stately. Plaintiff's Complaint and Opposition Affidavit confirm that she performs primarily religious duties, and therefore, discovery in this case is unnecessary.

### 2.     **The OU Is A Religious Institution**

In addition to the primary duties analysis, courts have found that the "ministerial exception to the FLSA applies only to 'employment relationships between *religious institutions* and their '*ministers.*'" Shaliehsabou I, 363 F.3d. at 307. Courts have held that "a religiously affiliated entity is a 'religious institution' for purposes of the ministerial exception whenever that entity's mission is marked by clear or obvious religious characteristics." Id. at 310. In finding that a Hebrew Home nursing home ("Hebrew Home") constituted a "religious institution," the Shaliehsabou I court relied in part on the fact that the Hebrew Home's "mission is to provide elder care to 'aged of the Jewish faith in accordance with the precepts of Jewish law and customs.'" Id. at 311. As a result, the Shaliehsabou I Court held that since the plaintiff's primary

8

duties were ministerial in nature, and that he was employed by a religious institution, the ministerial exception applied and his FLSA claims could not survive dismissal. Id.

Contrary to Plaintiff's naked assertions in opposing Defendant's motion, it is abundantly clear that the OU qualifies as a religious institution for purposes of the FLSA's ministerial exception. As Plaintiff admits in her Complaint (just as the plaintiff in the Shaliehsabou I case admitted) "[t]he mission of the Orthodox Union is to advance, strength, and lead the **Orthodox Jewish** Community, and inspire the greater **Jewish** community. The OU provides an array of **religious**, youth, social action, educational, public policy and community development services, programs and activities for the Orthodox Jewish community." (Complaint ¶ 9; Opposition Affidavit ¶ 2) (emphasis added). Accordingly, by Plaintiff's own allegations, the OU is a religious institution. See Wechsler v. Orthodox Union, 06 Civ. 7196, 2008 U.S. Dist. LEXIS 105780 (S.D.N.Y. Dec. 18, 2008) (Rule 12 dismissal holding that the OU qualified as a religious organization under Title VII). Therefore, discovery is unnecessary in this regard as well. As a result, the Court should dismiss Plaintiff's Complaint, in its entirety, with prejudice.[4]

## POINT II

### DISMISSAL WILL NOT PREVENT PLAINTIFF FROM SEEKING RELIEF IN A BEIT DIN, THE APPROPRIATE FORUM TO ADJUDICATE THIS DISPUTE.

As one New York court has expressly noted:

[i]t is axiomatic among Orthodox Jews that Jewish law as codified by the *Shulchan Aruch; Choshen Mishpat 22,* 26 demands that disputes among Jews be adjudicated by a Jewish court referred to as a Beth Din unless permission is

---

[4] As Defendant argued in its moving brief, Plaintiff's claims for violations of the Ca. Labor Code and Ca. Bus. & Prof. Code, brought only on behalf of herself and not any purported class, are likewise subject to dismissal under the ministerial exception. See Shukla, 2009 U.S. Dist. LEXIS 90044, at *21 (finding that ministerial exception warranted dismissal of both plaintiff's FLSA and New York Stage wage and hour law claims). In addition, should the Court not dismiss Plaintiff's California state law claims on their merits, the Court nevertheless should decline to exercise supplemental jurisdiction over these state law claims. See Herrera v. Council for Human Servs. Home Care Servs. Corp., 05 Civ. 10734, 2008 U.S. Dist. LEXIS 67446 (S.D.N.Y. Aug. 27, 2008).

9

obtained from the Beth Din to submit the controversy to a secular court. In Jewish tradition, the failure to comply with these rules constitutes *Chilul HaShem* [desecration of G-d's name] and could subject the violator to severe penalties including excommunication from the Jewish community.

See Congregation Yetev Lev D'Satmar, Inc. v. 26 Adar N.B. Corp., 5 Misc. 3d 1023A, 2004 NY Slip Op 51515U, at *14 n.2 (Sup Ct. Oct. 22, 2004). In the present case, Defendant offered Plaintiff the opportunity to submit this dispute to a *Beit Din* before she commenced the instant lawsuit, without success, and continues to hold this offer open. Since this alternative religious forum is available to adjudicate this dispute, consistent with, and in light of, Hosanna-Tabor's recent teaching that courts should not interfere with religious disputes in the employment arena, this Court's dismissal of Plaintiff's claims pursuant to the ministerial exception will not leave Plaintiff remediless.

## CONCLUSION

Based on the foregoing, as well as the reasons set forth in its initial Memorandum of Law, Defendant respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Date: February 7, 2012
New York, New York

By: _____
Clifford R. Atlas
Felice B. Ekelman
Daniel D. Schudroff

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2012, a true and correct copy of the foregoing Reply Memorandum of Law was served, via ECF upon Plaintiff Devorah Lunger's counsel of record, Arnold Pedowitz, Esq., at the following address:

**Arnold Henry Pedowitz**
Law Offices of Arnold H. Pedowitz
1501 Broadway, Suite 800
New York, NY 10036
212-403-7321
Fax: 212-354-6614
Email: pedowitz@aol.com

_____
Daniel D. Schudroff